# United States Court of Appeals for the Fifth Circuit

No. 23-50094
consolidated with
No. 23-50097
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mario Rolando Cadenas,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 4:22-CR-681-1,
4:19-CR-657-1

_____

Before Jones, Southwick, and Ho, *Circuit Judges.*

Per Curiam:[*]

Mario Rolando Cadenas appeals his conviction and sentence for illegal reentry after removal, as well as the order revoking the term of supervised

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

release he was serving at the time of the offense. Regarding the illegal reentry offense, he argues that 8 U.S.C. § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Because Cadenas does not address the revocation or the revocation sentence, he has abandoned any challenge to them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Cadenas has filed an unopposed motion for summary disposition and a letter brief correctly conceding that the only issue he raises is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). He explains that he has raised the issue to preserve it for possible further review. Accordingly, because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Cadenas's motion is GRANTED, and the district court's judgments are AFFIRMED.